UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY E. SPICER,

        Plaintiff,

v.

JOSEPH LEHMAN, *et al.*,

        Defendants.

Case No. C06-5132 FDB/KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**NOTED FOR: JULY 7, 2006**

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*. Plaintiff's application was deficient as the court was unable to determine his eligibility for *in forma pauperis* status based on the information submitted by plaintiff. Accordingly, plaintiff was ordered to show cause why his application should not be dismissed. (Dkt. # 3). Plaintiff appealed the order to show cause to the District Court. The District Court found plaintiff's appeal to be out of order and re-referred the matter to the undersigned. (Dkt. # 5). This court then provided plaintiff additional time to respond to its order to show cause until June 5, 2006. However, plaintiff has failed to respond.

DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION
Page - 1

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On April 10, 2006, plaintiff was ordered to show cause why his application to proceed *in forma pauperis* should not be denied. (Dkt. # 3). Plaintiff did not respond to the order to show cause, but appealed the order to the District Court. (Dkt. # 4). The Court found plaintiff's appeal to be out of order and re-referred the matter to the undersigned. (Dkt. # 5). Despite being given additional time, plaintiff continues to ignore this court's order to show cause.

## CONCLUSION

Because plaintiff has failed to respond to the court's order to show cause regarding his need to pay the court filing fee or file a proper application to proceed *in forma pauperis*, the undersigned recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **July 7, 2006**, as noted in the caption.

Dated this 12th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2